***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission vacates the Opinion and Award of the Deputy Commissioner and enters the following Order:
 ***********
This case has been the subject of numerous Opinions and Awards and Orders. On 22 June 2001, Deputy Commissioner Theresa Stephenson rendered an Opinion and Award awarding plaintiff temporary partial disability in the amount of two-thirds the difference between plaintiff's average weekly wage of $648.83 and her actual weekly wages for two weeks beginning 21 September 2000. Plaintiff appealed to the Full Commission. On 16 January 2002, the Full Commission filed an Order retaining jurisdiction but remanding the case to a deputy commissioner for a denovo hearing to take evidence and submit it to the Full Commission for entry of an Opinion and Award. Prior to the hearing, which was conducted by Deputy Commissioner Ronnie Rowell in March 2002, plaintiff settled her claim against defendant-carrier Cybercorp and Cybercorp was subsequently dismissed as a defendant in this matter.
Deputy Commissioner Rowell heard plaintiff's claim against Kroehler Furniture Manufacturing, Inc. on 26 June 2002. The evidence was submitted to the Full Commission and on 20 November 2002, the Full Commission entered an Opinion and Award finding that plaintiff's employment either caused or was a significant causal factor in the development of plaintiff's right carpal tunnel syndrome and placed her at an increased risk of acquiring carpal tunnel syndrome. The Full Commission found that plaintiff had diminished wage earning capacity as a result of her carpal tunnel syndrome and awarded her temporary partial disability in the amount of two-thirds the difference between plaintiff's average weekly wage of $648.83 and her actual wages earned after 26 March 2002 for up to 300 weeks from 10 December 1998, the date plaintiff contracted the occupational disease. In addition, the 20 November 2002 Opinion and Award of the Full Commission directed the parties to confer to determine the amount of compensation due plaintiff and if the parties were unable to agree on the amount due plaintiff, "the parties may move the Commission for an appropriate order upon the submission of additional wage information." There was no appeal from the 20 November 2002 Opinion and Award of the Full Commission. The compensation owed plaintiff under the 20 November 2002 Opinion and Award of the Full Commission became due and payable on 17 January 2003.
In a letter dated 19 December 2002, plaintiff's counsel submitted his calculations in support of plaintiff's contention that she was owed partial disability compensation in the amount of $2,606.96 for the period 26 March 2002 through 30 November 2002. Defendants did not respond to plaintiff's letter or in any manner object to his calculations. On 14 February 2003, plaintiff filed a motion requesting a 10% penalty, interest and attorney fees for defendants' failure to comply with the 11 November 2002 Full Commission Opinion and Award. Plaintiff submitted wage information as required by the 20 November 2002 Opinion and Award of the Full Commission in support of her motion. Again, defendants did not respond to this motion.
On 15 April 2003, the Full Commission granted plaintiff's motion and assessed sanctions against defendants, including a 10% penalty on payment of compensation from 17 January 2003 until the date the compensation is paid, interest on unpaid compensation from 26 June 2002 and an attorney fee of $500.00 to plaintiff's counsel. There was no appeal of this order.
On 4 June 2003, plaintiff filed a motion for defendants to be held in contempt for failure to comply with the Full Commission's 15 April 2003 Order, which in effect enforced its 20 November 2002 Opinion and Award. On 6 June 2003, defendants responded for the first time to the 20 November 2002 and 15 April 2003 Full Commission Orders in a letter to Commissioner Laura K. Mavretic stating it was defendants' position that no temporary partial disability benefits were owed and therefore, the 10% penalty and interest was zero.
On 30 July 2003, Commissioner Mavretic wrote counsel for plaintiff and defendants clarifying that the 20 November 2002 Opinion and Award did not award plaintiff a sum certain because there was no evidence submitted regarding plaintiff's actual wages earned after 26 March 2002. The letter also explained that the Full Commission had ordered the parties to "attempt to agree on the amount of compensation due and if [they] were unable to agree, the parties could move the Commission for an order upon the submission of additional wage information." Commissioner Mavretic's letter stated that defendants' argument set forth in the 6 June 2003 letter that plaintiff was not entitled to temporary partial disability benefits had already been ruled upon in the 15 April 2003 Order, ordering defendants to pay plaintiff temporary partial disability compensation. In addition, Commissioner Mavretic's letter stated that since the parties were unable to agree on the amount of compensation due plaintiff, the Full Commission would issue an order concerning payment of compensation. Commissioner Mavretic further acknowledged that plaintiff's attorney had already provided wage information printouts and allowed the parties until 15 August 2003 to submit any additional wage information to be used in the calculation of temporary partial disability compensation. Commissioner Mavretic informed the parties that the wage information should be specific for each week worked and asked to be informed whether the $500.00 attorney's fee awarded to plaintiff's attorney in the 15 April 2003 Order had been paid.
On 6 August 2003, plaintiff provided additional wage printouts detailing plaintiff's earnings from 1 December 2002 to 26 July 2003. On 15 August 2003, defendants provided a supplemental response in opposition to plaintiff's motion for interest, penalties and attorney fees, arguing that: (a) the Full Commission's 20 November 2002 Opinion and Award was interlocutory; (b) plaintiff is not owed temporary partial disability compensation; (c) general market conditions should not be a basis for an award of disability compensation; and (d) plaintiff's calculation looks at her earnings week-by-week instead of averaging. On 9 September 2003, plaintiff's counsel informed the Commission that the $500.00 attorney's fee awarded to plaintiff's counsel in the unappealed from 15 April 2003 Order had not been paid.
In an Order filed 24 November 2003, the Full Commission found that defendants failed to comply with the 15 April 2003 Order and ordered defendants to appear before a deputy commissioner to show cause why they should not be held in civil contempt for willful refusal to comply with the 20 November 2002 Opinion and Award and the 15 April 2003 Order.
On 28 April 2004, Deputy Commissioner Lorrie Dollar issued an Opinion and Award finding that the Full Commission's 15 April 2003 Order was unlawful and invalid because it did not reduce the amount owed to plaintiff to a sum certain and was therefore interlocutory. In addition, Deputy Commissioner Dollar concluded that defendants were not in civil contempt for failure to comply with the Full Commission's 20 November 2002 Opinion and Award or the 15 April 2003 Order. Deputy Commissioner Dollar referred the case back to the Full Commission and directed the Full Commission to enter an award consistent with paragraph one of its own 20 November 2002 Opinion and Award for the Full Commission.
Plaintiff appealed Deputy Commissioner Dollar's Opinion and Award to the Full Commission. The issues before the Full Commission are: (1) whether the 15 April 2003 Order was interlocutory; (2) whether the 10% penalty is mandatory pursuant to N.C. Gen. Stat. § 97-18; (3) whether Deputy Commissioner Dollar had the authority to declare an Opinion and Award from the Full Commission invalid; and (4) what should have been paid to plaintiff.
The Full Commission hereby finds that the 28 April 2004 Opinion and Award by Deputy Commissioner Lorrie Dollar exceeded the authority of a deputy commissioner.
IT IS THEREFORE ORDERED that the Opinion and Award of Deputy Commissioner Dollar is VACATED. This case is hereby set for an evidentiary hearing before the undersigned Full Commission panel to resolve the issue of what amount of compensation, if any, is due plaintiff and all the other issues raised by the parties and the conduct of the parties since entry of the 20 November 2002 Opinion and Award for the Full Commission. The parties will be notified in writing of the date and time of the hearing, which is hereby set in Raleigh, North Carolina.
This the ___ day of January 2005.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/__________ THOMAS BOLCH COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN